JOHN A. CODMAN *vs.* EARL W. JOHNSON.

In a lease for twenty years of land on which the lessee covenants to erect permanent buildings, and the contract for which was negotiated after the passage of the St. of 1866, c. 174, his covenant to pay " all taxes and assessments, whether in the nature of taxes now in being or not, which may be payable or assessed in respect of the premises, or any part thereof, during said term," binds him to pay the whole amount of an assessment on the premises, under that statute, for a part of the expense of altering a street on which they abut, proportional to the benefit received by them from the alteration.

CONTRACT by the lessor of a parcel of real estate abutting on Devonshire Street in Boston, on a covenant of the lessee in the indenture of lease, which was dated June 1, 1868. In the superior court the case was submitted on the pleadings, without argument; judgment was ordered for the defendant; and the plaintiff appealed. The facts appear in the opinion. The case was argued in writing in this court in November 1870.

*W. S. Dexter & W. P. Walley,* for the plaintiff.

*J. P. Healy,* for the defendant, cited the same authorities which are given in the report of his argument in the preceding case *ante,* 480.

WELLS, J. The covenant in the lease, upon which this action is brought, is that the lessee shall pay " all taxes and assessments, whether in the nature of taxes now in being or not, which may be payable or assessed in respect of the premises, or any part thereof, during said term." The lease was for the term of twenty years from June 1, 1868. The lessee was to erect certain permanent buildings upon the premises. A previous agreement for the lease, made in February 1868, contained the covenant that the lessee should " pay all taxes, assessments, and repairs during the term."

In April 1868, the board of aldermen of the city of Boston duly ordered and adjudged that Devonshire Street should be widened. In November 1869, such widening having been accomplished, the value of the benefit to the premises leased was determined by the board of aldermen, and a sum equal to one half of the amount thereof was assessed upon the estate covered by the lease, as the portion of the expenses of the widening to be paid by that estate. The St. of 1866, *c.* 174, under which this was done, authorizes such an assessment to be laid upon "any estate abutting on any street which may be laid out, widened, discontinued, graded or altered" under the act. The plaintiff claims that this assessment comes within the terms and operation of the covenant in the lease. The defendant contends that it is an extraordinary assessment, not contemplated by the parties and not intended to be embraced in the terms of the covenant, and therefore, having paid such proportion of it as corresponds with his interest in the estate, that he is not liable for anything further.

That this assessment is in the nature of a tax cannot, we think, be questioned. It is local and special, it is true; but the object of the expenditure is a public one, for which taxation is authorized. Its burden is made proportional and reasonable, in the sense of the constitutional restriction in that particular, by

imposing it, or a portion of it, upon estates especially benefited beyond the common benefit to the public generally. The mode of attaining this end is within the legitimate province of the legislature; and whether it be accomplished by a general public tax, or by distributing the burdens upon smaller municipal organizations or upon districts especially constituted or designated for the purpose, the assessment, which results from such distribution, takes its essential character from the power of government under which it is made. The term " assessment" is applied to impositions of this nature because they are levied in respect to particular estates, to distinguish them from the ordinary ratable taxes. But both are assessments in respect of the mode of ascertaining the amount to be paid; and both are taxes in respect of the power under which they are imposed. *Harvard College* v. *Aldermen of Boston, ante,* 470.

We see nothing in this case to support the argument that the term " assessment," in the covenant of the lessee, was used in a sense which would not include the assessment for which the action is brought. The lease was for a long term, such as to justify the tenant in undertaking to bear the expense of permanent improvements; and he did so undertake, in other respects. The assessment was made under a law in force before the contract was negotiated; and for an improvement already in contemplation when the lease was signed. It was laid upon the estate leased, and is therefore " in respect of the premises ; " and by the statute a lien thereon is given to secure its payment.

The position of the defendant is not maintained by the authorities cited in its support. That which comes nearest, *Tidswell* v. *Whitworth,* Law Rep. 2 C. P. 326, must stand upon its own peculiar features, which distinguish that case from a long line of authorities upon the subject, as declared by Smith, J., in *Thompson* v. *Lapworth,* Law Rep. 3 C. P. 149.

The case of *Twycross* v. *Fitchburg Railroad Co.* 10 Gray, 293, resembles somewhat *Tidswell* v. *Whitworth.* The burden was imposed upon the owner personally. It was indeed imposed " in respect of the premises " leased; but it was not levied on the estate, nor made a lien upon it. It was held therefore

not to come within the terms of the covenant, which was " to pay all taxes and duties levied or to be levied thereon during the said term."

In the present case the assessment comes precisely within the terms of the covenant; and we think the covenant must be construed as intended to apply to such assessments.

The judgment of the superior court must therefore be reversed; and the case will stand for further proceedings in that court. As the question is now presented to us, the plaintiff is entitled to recover the balance of the assessment, but upon appeal from a judgment for the defendant we cannot order a judgment for the plaintiff. *Judgment reversed.*