INHABITANTS OF WORCESTER COUNTY *vs.* MAYOR AND ALDERMEN OF WORCESTER.

Worcester.    October 5. — 28, 1874.    COLT & MORTON, JJ., absent.

Land of a county used for county purposes is exempt from all taxation, whether imposed for public purposes or for local improvements of a public nature.

DEVENS, J.    This is a petition for a writ of certiorari to quash the proceedings of the respondents in laying an assessment, under the St. of 1867, *c.* 106, upon the property of the inhabitants of the county of Worcester, consisting of the court-house estate used for holding the courts in said county, and the offices of the clerks thereof, the sheriff and other county officers, and of the jail estate, used for a jail and house of correction.    These estates are situated upon the line of streets in which the city council of Worcester has caused to be constructed sewers, by virtue of the statute; and if they come within the class which can properly be subjected to assessments of this character, the assessment thereon is valid. The immunity of these estates from taxation depends, however, in our opinion, upon other grounds than that of a statute exemption, and extends to taxation not only for general public purposes, but for local improvements of a public nature.    Without regard to the statute exemption, property appropriated to public uses, as by the railroads, has been repeatedly held not to be subject to taxation in this Commonwealth.    *Worcester* v. *Western Railroad,* 4 Met. 564, 567.    *Boston & Maine Railroad* v. *Cambridge,* 8 Cush. 237.    *Wayland* v. *County Commissioners,* 4 Gray, 500. *Charlestown* v. *County Commissioners,* 1 Allen, 199.

Although taxation in the cases referred to was for general public purposes, and we find no case where the exemption has been extended to assessments like the present, yet the property treated in them as appropriated to public use was not so essentially public in its character, nor so strictly appropriated to public use, as the real estate of these petitioners.    The works constructed by a railroad corporation, for instance, and held under its charter, are to a certain extent public works, intended for public use, and under the control of the public, but their management, subject to such control, is in the hands of a private corporation, the property is that of such corporation, and the private rights therein are

of great importance. The property held by the petitioners is strictly public, paid for from the public funds, managed by the public authorities, devoted to public purposes, and no private person has any rights or authority therein.

The property of the Commonwealth is exempt from taxation because, as the sovereign power, it receives the taxation through its officers or through the municipalities it creates, that it may from the means thus furnished, discharge the duties and pay the expenses of government. Its property constitutes one of the instrumentalities by which it performs its functions. As every tax would to a certain extent diminish its capacity and ability, we should be unwilling to hold that such property was subject to taxation in any form, unless it were made so by express enactment or by clear implication. This property of the petitioners is not, indeed, in legal form, the property of the Commonwealth, but the authority by which the county holds it is derived from the statutes by which the duty is imposed upon the various counties of providing suitable court-houses, jails and houses of correction. Gen. Sts. c. 17, § 5; c. 178, § 6. When thus provided, such estates, although held by the counties, are so held for the uses and purposes of the Commonwealth, are essential to the administration of the executive and judicial duties of its government, and are not to be deemed subject to taxation in any form, unless the intent of the legislature to render them so clearly appears.

The mode provided for the enforcement of the assessment under the St. of 1867, c. 106, certainly leads to the conclusion that it was not contemplated that it could be applied to property like this of the petitioners. Where wholly new powers are given, they are to be enforced as the statute giving them provides, and the remedy given thereby is exclusive of every other. *Roxbury* v. *Nickerson*, 114 Mass. . *West Roxbury* v. *Minot*, 114 Mass.

. The only remedy given for the collection of this assessment is by means of the lien created upon the estates assessed which must be enforced by a sale thereof. We do not think that it was the intent of the legislature to subject estates like these of the petitioners to such a remedy, when its enforcement might operate to deprive them of the very instrumentalities by which they were able to perform the duties imposed upon them, and might be at

tended with serious inconvenience or positive injury to the administration of justice in the Commonwealth.

For these reasons, we are of opinion that the proceedings of the respondents in making this assessment upon these estates of the petitioners was erroneous, and that the writ of certiorari must issue, but, under the Gen. Sts. *c.* 145, § 9, it will issue only to quash so much of the assessment made by the respondents as relates thereto. *Haverhill Bridge* v. *County Commissioners*, **103** Mass. 120. *Writ of certiorari to issue.*

*T. L. Nelson*, for the petitioners.

*W. A. Williams*, for the respondents.