CITY OF BOSTON *vs.* BOSTON AND ALBANY RAILROAD COMPANY.

Suffolk.    November 15, 1897. — January 7, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Betterment — Assessment on Land of Railroad within Location — Statute.*

The land of a railroad corporation lying within its location is not liable to assessment for the cost of the construction of a sidewalk and a sewer in public streets upon which such location abuts, the assessment in the first instance being made under a statute providing that the cost of construction shall be assessed upon the

abutting lands, "provided, however, that, if any such parcel is devoted to public use, said city may assume and pay the whole or part of the amount assessed thereto, if said city shall deem proper so to do"; and in the second instance, under a statute providing that, "when an assessment is made for a parcel of land for which the owner is by law exempt from being taxed," the collection of the assessment shall be suspended, but if "the parcel ceases to be owned by a person or corporation so exempt," the assessment shall be collected subsequently.

CONTRACT, to recover the amount of three betterment assessments. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows.

The superintendent of streets of the city of Boston, in October, 1892, in pursuance of an order passed by the mayor and aldermen on July 12, 1892, constructed a brick sidewalk in a portion of Bennington Street, a public highway in said city, and apportioned a proportionate part of the assessable cost of constructing such sidewalk to two parcels of land belonging to the defendant, and bordering on part of the highway along which the sidewalk was made. Each parcel of the defendant's land upon which this assessment was made was at the time thereof, and still is, within the limits of the fixed route of the railroad, not exceeding five rods in width. The assessment included one entire and single assessment for all the land of the defendant bordering on the northerly side of the street, and a like entire and single assessment for such land on the southerly side thereof. The order for the construction of the sidewalk was valid, and the sidewalk was constructed according to law. The assessable cost thereof was reasonable, and the part assessed upon the defendant was its proportionate part of the assessment, provided such assessment can be based upon land bordering upon the street which is within the limits of the route fixed, not exceeding five rods in width. The assessment upon the land of the defendant on the northerly side of the street amounted to $87.66, and that on the land of the defendant on the southerly side of the street amounted to $382.97, and payment of such sums has been duly demanded of the defendant.

The superintendent of streets of the city, in September, 1895, in pursuance of an order passed by the mayor and aldermen on October 5, 1895, constructed a sidewalk in Commonwealth Avenue, a public street in said city, and apportioned

a proportionate part of one half of the assessable cost thereof upon a parcel of land belonging to the defendant and abutting on such street. The land of the defendant upon which this assessment was made was at the time thereof, and still is, within the limits of the fixed route of the railroad, not exceeding five rods in width. The assessment included one entire and single assessment for all the land of the defendant bordering on the street. The order for the construction of the sidewalk was valid, and the sidewalk was constructed according to law. The assessable cost thereof was reasonable, and the amount assessed upon the defendant was its proportionate part of the assessment,. provided such assessment can be based upon land bordering upon the street which is within the limits of the route fixed, not exceeding five rods in width. The assessment amounted to $41, and payment of such sum has been duly demanded of the defendant.

The superintendent of streets of the city, pursuant to an order passed by the mayor and aldermen on April 20, 1895, constructed a sewer in and through Porter Street, a highway of said city, which is laid out as a highway from Central Square to the northwesterly line of Bremen Street, and, on the southeasterly side of Bremen Street, is shown as a paper street on sundry plans, but has never been laid out or constructed up to or across the railroad of the defendant; the construction of the sewer was continued in and through the strip of land within the lines of such paper street across the railroad; and the superintendent of streets apportioned a proportionate part of the assessable cost thereof upon two parcels of land belonging to the defendant bordering on such strip of land. The land of the defendant upon which this assessment was made was at the time thereof, and still is, within the limits of the fixed route of the railroad, not exceeding five rods in width, for which the assessors of the city have heretofore determined that the defendant is by law exempt from being taxed. The assessment included one entire and single assessment for all the land of the defendant bordering on the southwesterly side of said strip of land, and a like entire and single assessment for such land on the northeasterly side thereof. The order for the construction of the sewer was valid, and the sewer was constructed according to law. The

amount assessed upon the abutters was the cost of the sewer, not exceeding four dollars for each lineal foot thereof. The amount assessed upon the defendant was its proportionate part of the cost of construction of the sewer, provided such assessment can be based upon land bordering upon said strip of land, which is within the limits of the route fixed, not exceeding five rods in width. The assessment upon the land of the defendant upon the southwesterly side of said strip of land amounted to $136.07, and the assessment on land of the defendant on the northeasterly side of said strip of land amounted to $81.64, and payment of said sums has been duly demanded of the defendant.

If it be held that the assessment is made for a parcel of land for which the defendant is by general law exempt from being taxed, it may be assumed that, on application to the assessors of the city, they have so determined and certified.

*A. J. Bailey*, (*S. M. Child* with him,) for the plaintiff.

*W. Hudson*, (*Samuel Hoar* with him,) for the defendant.

KNOWLTON, J. This is an action to recover three assessments made upon portions of the road-bed of the defendant to pay the cost of public improvements near the premises upon which the assessments were made. The assessments were laid at different times, under different statutes, two of them to pay the cost of construction of sidewalks in public streets, and one to pay for the construction of a sewer. Although there is some diversity in the statutes under which the work was done, the general principles applicable to the different claims are the same.

The making of such assessments is a form of taxation, which rests upon the ground that the property in the neighborhood of a public improvement may receive special and peculiar benefits from the improvement that make it equitable, as against its owner, to charge it with the payment of a greater proportional part of the cost of the work than is paid by property owners generally. *Dorgan* v. *Boston*, 12 Allen, 223. *Harvard College* v. *Boston*, 104 Mass. 470. *Codman* v. *Johnson*, 104 Mass. 491. It is well established law in Massachusetts that the land of a railroad corporation lying within its location, not exceeding five rods in width, and used for the purposes for which the corporation is established, is exempt from taxation. *Worcester* v. *Western Railroad*, 4 Met. 564. *Charlestown* v. *County Commis-*

*sioners,* 1 Allen, 199. *Boston & Maine Railroad* v. *Lowell & Lawrence Railroad,* 124 Mass. 368. *Norwich & Worcester Railroad* v. *County Commissioners,* 151 Mass. 69. This rule is founded on the nature of the use for which the land is taken or purchased. The land is appropriated to a public use in much the same way as is a highway, or the land under a court house, or schoolhouse, or jail. Although the corporation is permitted to derive profit from it, this is incidental to the main purpose for which it is taken in the exercise of the right of eminent domain. The fundamental fact on which the rights of the corporation depend is that a public highway is being prepared for the use and convenience of all the people. The reason of the rule is as applicable to special taxation for local improvements particularly affecting only a small neighborhood near the railroad, as to general taxation. It is that property held and used for the benefit of the public should not be made to share the burden of paying public expenses. The rule has often been applied to special taxation in this Commonwealth, as well as to general taxation. *Worcester County* v. *Worcester,* 116 Mass. 193. *Mount Auburn Cemetery* v. *Cambridge,* 150 Mass. 12. *Harvard College* v. *Boston,* 104 Mass. 470. *Codman* v. *Johnson,* 104 Mass. 491. The rule is different from that which applies to statutory exemptions of property in a scheme for general taxation, which are held to cover only taxes that are assessed under and in accordance with the scheme created by the statute. *Boston Seamen's Friend Society* v. *Boston,* 116 Mass. 181. *Worcester Agricultural Society* v. *Worcester,* 116 Mass. 189. In cases of the latter kind, an examination of the statute to discover the intention of the Legislature shows that the principal reasons for exemption do not extend beyond the system of general taxation with which the Legislature is dealing. But the exemption of property appropriated to a public use is not founded upon an express provision of any statute, but rests upon general principles of propriety, justice, and expediency, which are applicable alike to every kind of taxation. In *Worcester County* v. *Worcester,* 116 Mass. 193, it was held that assessments made for betterments could not be laid upon the court house of the county and the lot on which it stands, and in *Mount Auburn Cemetery* v. *Cambridge,* 150 Mass. 12, a similar decision was made in regard to assess-

ments upon land of a cemetery corporation to pay the expense of constructing a sewer. The general doctrine of these cases covers the case at bar. Similar decisions, varying somewhat in their facts and in the reasons on which they are said to rest, have been made in other States. *Philadelphia* v. *Philadelphia, Wilmington, & Baltimore Railroad,* 33 Penn. St. 41. *State* v. *Jersey City,* 7 Vroom, 56. *State* v. *Elizabeth,* 8 Vroom, 330. *New York & New Haven Railroad* v. *New Haven,* 42 Conn. 279. *New York & Harlem Railroad* v. *Morrisania,* 7 Hun, 652. *Junction Railroad* v. *Philadelphia,* 88 Penn. St. 424. *Allegheny City* v. *Western Pennsylvania Railroad,* 138 Penn. St. 375. *Sweaney* v. *Kansas City Railway,* 54 Mo. App. 265. *Chicago, Milwaukee, & St. Paul Railway* v. *Milwaukee,* 89 Wis. 506. *Detroit, Grand Haven, & Milwaukee Railway* v. *Grand Rapids,* 106 Mich. 13. *Bloomington* v. *Chicago & Alton Railroad,* 134 Ill. 451.

It remains to consider certain special provisions of the different statutes under which the assessments in this case are made. The assessment described in the first part of the agreed statement of facts was for the construction of a sidewalk under the St. of 1892, c. 401. Section 2 of this chapter is as follows: "Any expenses incurred for any work so ordered and performed shall be paid out of the moneys appropriated under the provisions of section one of chapter three hundred and twenty-three of the acts of the year eighteen hundred and ninety-one, and shall be repaid to said city as the assessable cost of the work by the owners of the several parcels of land bordering on the part of the highway along which the sidewalk is made, provided, however, that, if any such parcel is devoted to public use, said city may assume and pay the whole or part of the amount assessed thereto, if said city shall deem proper so to do." It is contended that the language of the proviso is a legislative declaration that all lands devoted to a public use are assessable under this statute. We are of opinion that it was not the intention of the Legislature by this statute to change the general provisions of law applicable in like cases to lands used by counties, cities, towns, and railroad or other corporations for a public use, in such a sense that the lands could have been taken for that use by right of eminent domain. There are several provisions of the statute which would be inapplicable to such lands. In the first place a

lien is created upon the lands for the amount assessed, and the assessment may be collected by a sale of the property.   But such property is so held and used that a sale of it would be inconsistent with general principles of law, and with the statutes under which it was acquired.   The provisions of the St. of 1891, c. 323, §§ 16 and 17, are made applicable to these assessments, which call for a subdivision of an assessment into ten equal amounts, to be added for ten years to the annual tax bills upon the railroad if the assessment is not paid before the last day of September next succeeding the assessment, and which require these amounts to be subdivided and apportioned upon different parcels of the land if it becomes divided in ownership.   These provisions cannot be applied to such property as we are considering. There are no annual tax bills issued for taxes on such lands, and it is impracticable to collect the subdivided assessments in the manner contemplated.   The Legislature never intended that a short section of a railroad, adjacent to a public street, should be subject to sale for the payment of such a tax.

Another vital objection to the contention is that taxes of this kind can only be assessed on the ground of special benefit to the property, and then only to the amount of the benefit.   *Dorgan* v. *Boston*, 12 Allen, 223.   *Holt* v. *Somerville*, 127 Mass. 408, 412.   *Hammett* v. *Philadelphia*, 65 Penn. St. 146.   *Dyar* v. *Farmington Village Corp.* 70 Maine, 515, 527.   *Chamberlain* v. *Cleveland*, 34 Ohio St. 551, 562.   *Chicago, Milwaukee, & St. Paul Railway* v. *Milwaukee*, 89 Wis. 506, 515.   It has been held in different jurisdictions that to land used for railroad purposes within the location of a railroad there is no benefit of the kind contemplated by the laws relating to such assessments.   *Philadelphia* v. *Philadelphia, Wilmington, & Baltimore Railroad*, 33 Penn. St. 41.   *Junction Railroad* v. *Philadelphia*, 88 Penn. St. 424.   *New York & New Haven Railroad* v. *New Haven*, 42 Conn. 279.   In the case at bar it is difficult to see how the construction of the sidewalk in the public street can benefit the land of the defendant for the purposes for which it is held and used.

We are of opinion that this proviso in the statute, which is merely permissive, does not imply that land so held and used is subject to this kind of special taxation, and that the implication goes no further than to suggest that the use to which real estate

is put by some of the corporations which are exempt from taxation under the Pub. Sts. c. 11, § 5, is in a sense public.  As we have already seen, the property of such corporations is not exempt from special taxation of this kind, and the statute permitted the city to assume and pay assessments laid upon their property if it deemed it proper so to do.

The assessment referred to in the second division of the agreed statement of facts was for the construction of a sidewalk under the St. of 1893, c. 437, which repealed the St. of 1892, c. 401, that we have just been considering.  This later statute calls for no special discussion.  It provides for an assessment upon the abutters of one half of the expense of constructing sidewalks, and makes the assessment a lien upon the abutting land.  It contains no proviso like that in the earlier statute.

The third assessment was for the construction of a sewer under the St. of 1892, c. 402.  This statute makes the expense of constructing a sewer, to an amount not exceeding four dollars for each lineal foot of sewer, assessable upon the owners of adjacent lands, and creates a lien upon the land for the payment of it. Certain sections of the St. 1891, c. 323, as amended by St. 1892, c. 402, are made applicable to the collection of the assessments.  Section 4 is as follows: " When an assessment is made for a parcel of land for which the owner is by law exempt from being taxed, as determined and certified to by the assessors of said city on application to them therefor, the collector of taxes of said city shall suspend the collection of such assessment; but after the day on which the parcel ceases to be owned by a person or corporation so exempt, the amount of such assessment, less any payment made for an entry under the following section, shall be collected as if that day were the date of the passage of the aforesaid order for making the sewer."  This introduced a new provision into the law in regard to special taxation.  We are of opinion that the words " parcel of land for which the owner is by law exempt from being taxed " were intended to include land in which the exemption exists under general principles of law, as well as land which is exempt by statutory provisions.  Construing the language in this way, the defendant's land comes within the description, and under the facts agreed the assessors are to be deemed to have made the determination and certifica-

tion referred to. It follows that collection of the assessment is to be suspended until the land ceases to be owned by a person or corporation exempt from taxation, and the defendant is under no liability to the plaintiff for any of the assessments.

*Judgment for the defendant.*