COLLECTOR OF TAXES OF MILTON *vs.* CITY OF BOSTON.

Suffolk.     October 6, 1931. — February 29, 1932.

Present: RUGG, C.J., CROSBY, SANDERSON, & FIELD, JJ.

*Tax,* Property devoted to public use.

Property taken or held for a public use by one municipality within the territorial limits of another, or within its own boundaries, is not subject to taxation so long as it is actually devoted to a public use.

Land and structures connected with one and one quarter miles of track which formerly were owned by Old Colony Railroad Company and were operated by its lessee as the Shawmut Branch, and which under St. 1923, c. 480, were taken on September 1, 1926, by the Boston Transit Commission acting in behalf of the city of Boston, the use of which by a contract with the city made in October, 1924, under the same statute was granted to the Boston Elevated Railway Company, and which was occupied and operated by the railroad corporation until April 1, 1929, was not subject to taxation by the town of Milton as property of the city of Boston on April 1, 1928, it being devoted to the public use of rapid transit; the mere fact that the city had leased such property to the railway company, received a rental for it and did not itself con-

template operating the railway, did not affect the application of the principle above set out.

Such exemption from taxation did not extend to a building, taken at the same time as the property above described, the ground floor of which was used for a waiting room and ticket office and the second floor let for nonrailroad purposes: such property was taxable to the city on April 1, 1927, and on April 1, 1928.

Certain tracts of vacant land, taken at the same time under the same statute and made subject to the same contract with the Boston Elevated Railway Company, but not shown to be held under a plan to use them presently for the public purposes set forth in that statute or to have any immediate relation to those public purposes or to be incidental or subsidiary to the public use to which the remainder of the property taken was devoted or to be reasonably necessary to meet the requirements of growing public needs, also were so taxable on April 1, 1927, and on April 1, 1928.

CONTRACT. Writ dated October 1, 1929.

In the Superior Court, the action was heard by *Qua*, J., upon a case stated. Material facts are stated in the opinion. The judge found the facts as stated and, without making a decision, under G. L. c. 231, § 111, reported the action for determination by this court.

*L. Bryant*, for the plaintiff.

*J. P. Lyons*, Assistant Corporation Counsel, for the defendant.

RUGG, C.J. The collector of taxes of the town of Milton seeks in this action of contract to recover taxes assessed to the defendant on real estate owned by it in that town. The case was submitted on a case stated and was reported for determination by this court by the trial judge without decision. The relevant facts are these: prior to September 1, 1926, the Old Colony Railroad Company was the owner of an easement for railroad purposes over certain land in Milton, on which were tracks, depots and other railroad structures, used by its lessee and known as the Shawmut Branch, the tracks thereof in Milton being one and one quarter miles in length. The tracks and right of way were not assessed while owned by the railroad corporation. The railroad corporation also owned (1) a tract of land about 11,200 square feet in area, not built upon nor used for railroad purposes, lying outside the railroad location and separated from the Milton railroad station by a roadway; (2)

another tract of land containing 7,012 square feet, not built upon nor used for railroad purposes and lying outside but nearby the railroad location; and (3) a house, of which the ground floor was used for a waiting room and ticket office and the second floor let for a nonrailroad purpose. These three items of real estate had been assessed for a number of years and the taxes were paid by the railroad corporation. On September 1, 1926, the Boston Transit Commission (Spec. St. 1918, c. 185), acting in behalf of the defendant pursuant to St. 1923, c. 480, made a taking in fee of the lands and property constituting the Shawmut Branch, including the lands and building above mentioned. The railroad corporation continued to occupy all this property and to operate its facilities until April 1, 1929, when work began on the rapid transit project for which the property had been taken by the defendant, and until August 24, 1929, when operation of passenger trains was discontinued. On October 17, 1924, the defendant and the Boston Elevated Railway Company entered into a contract pursuant to St. 1923, c. 480, whereby the use of all the property taken by the defendant on September 1, 1926, was granted to the railway company, which commenced actual operation for railway uses on August 26, 1929. In the meantime, on April 1, 1927, and on April 1, 1928, the assessors of Milton assessed to the defendant the three items of real estate above described. No question is made as to the amount of the taxes, if any are due. On April 1, 1928, the said assessors also assessed to the defendant the one and one quarter miles of track. At the times when these taxes severally were assessed, these three items of real estate continued as theretofore, viz.: the two lots of land were vacant and no use was made of them for railroad or railway purposes, or for any apparent purpose except as an ornamental grass plot, and the second floor of the building was occupied by a tenant paying rent therefor.

The point for determination is the validity of the taxes thus assessed.

The purpose of St. 1923, c. 480 (under which the defendant made the taking of the real estate here assessed), as

expressed in its title, was to provide for the extension of the rapid transit facilities in the Dorchester District of Boston. Examination of the several sections of the statute confirms the accuracy of the title in its description of its end and aim. The taking of land for that purpose constitutes a public use. That is not now open to discussion. *Prince* v. *Crocker*, 166 Mass. 347. *Browne* v. *Turner*, 176 Mass. 9. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 414. *Bartol* v. *Boston*, 259 Mass. 323, 325. *Opinion of the Justices*, 261 Mass. 523, 542. Property taken or held for a public use by one municipality within the territorial limits of another, or within its own boundaries, is not subject to taxation so long as it is actually devoted to a public use. The reason is that property held and used for the benefit of the public ought not to be made to share the burden of paying the public expenses. That exemption does not rest on any provision of statute, but is founded on general principles of expediency and justice. *Wayland* v. *County Commissioners*, 4 Gray, 500. *Somerville* v. *Waltham*, 170 Mass. 160. *Miller* v. *Fitchburg*, 180 Mass. 32. *Burr* v. *Boston*, 208 Mass. 537. This rule of law plainly applies to the land and structures connected with the one and one quarter miles of track. That land is clearly devoted to the public use of rapid transit. The circumstance that the defendant has leased this real estate to the railway company, receives a rental for it and does not itself contemplate operating the railway, does not affect the application of the principle. In this respect the property in question stands on no different footing from property held for a water supply or other use from which some revenue may be derived. The defendant owns the land in fee and it is devoted exclusively to the public use. Taxes cannot rightly be levied upon it. *Boston* v. *Boston & Albany Railroad*, 170 Mass. 95.

The exemption from taxation, in view of the principle on which it rests, cannot justly be extended to property owned by one municipality within the bounds of another, not actually devoted to a public use or held with the design within a reasonable time to devote it to such use. *Essex*

*County* v. *Salem,* 153 Mass. 141. *Burr* v. *Boston,* 208 Mass. 537, 540. Therefore, a tax upon the building in which the upper tenement has been rented for private use for many years, both before and after the taking by the defendant, was justified. *South Congregational Meeting House in Lowell* v. *Lowell,* 1 Met. 538. We are of opinion that the same conclusion must be reached as to the tax on the two vacant parcels of land. These two have a combined area of 18,212 square feet. They were not actually devoted to any railroad or railway use, or to any use specified in St. 1923, c. 480. The taking of these parcels appears to have been mandatory under St. 1923, c. 480, §§ 2, 6. There is nothing in the case stated, however, to indicate that these parcels are being held under a plan to use them presently for the public purposes set forth in that chapter, or that they have any immediate relation to those public purposes. There is nothing disclosed on the record to show that these parcels are incidental or subsidiary to the public use to which the remainder of the taking of the "Shawmut Branch" is devoted, or that they are reasonably necessary to meet the requirements of growing public needs. The defendant appears to have the right to sell any lands not needed for those public purposes. St. 1923, c. 480, § 7. See *Wright* v. *Walcott,* 238 Mass. 432. The principle on which such property may be exempt from taxation is not applicable to these two parcels. The rule established by our own decisions, already cited, prevails in other jurisdictions. *West Hartford* v. *Board of Water Commissioners of Hartford,* 44 Conn. 360, 371. *Perth Amboy* v. *Collector of Madison,* 45 Vroom, 127, 128. *Traverse City* v. *East Bay,* 190 Mich. 327, 330. The general rule becomes effective that all real estate not enjoying some special exemption and not devoted to a public use must contribute in the way of taxes to the support of public charges. Compare *Boston Fish Market Corp.* v. *Boston,* 224 Mass. 31, 34–35.

It follows that the plaintiff is entitled to recover taxes as alleged in the first count of his declaration and taxes assessed on the first three items specified in its second count, together with interest as alleged, and is not entitled to re-

cover taxes assessed on the fourth item in the second count. The amount of the judgment to be entered in favor of the plaintiff is to be fixed in the Superior Court.

*So ordered.*