OPINION OF THE JUSTICES TO THE SENATE.

*Taxation*, Real estate tax: exemption, airport. *Constitutional Law*,
   Taxation. *Aeronautics.*

Proposed legislation to exempt from taxation direct improvements to the
   landing strips and runways of privately owned airports so long as the
   owners thereof granted free use of such landing strips and runways to
   the general public for the landing, taking off and taxiing of aircraft
   and provided the airports met certain standards of the Massachusetts
   aeronautics commission would not contravene Part II, c. 1, § 1, art. 4,
   of the Constitution of Massachusetts or art. 10 of the Declaration of
   Rights, or any other provision of the Constitution relative to taxation
   or exemption from taxation.

On April 29, 1957, the Justices submitted the following
answer to a question propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of
Massachusetts:

The undersigned Justices of the Supreme Judicial Court
respectfully submit this answer to the question set forth in
an order of the Senate dated April 22, 1957, and transmitted
to us on April 25. The order refers to a bill now pending
before the Senate printed in House document No. 2, which
is a recommendation for legislation submitted by the Massa-
chusetts aeronautics commission pursuant to G. L. (Ter.
Ed.) c. 30, § 33, as amended by St. 1948, c. 67, and a copy
of which is transmitted with the order.

The title of the bill is "An Act relative to local taxation
of certain lands of commercial airports to which the general
public is granted free use."

The bill has two sections. Section 1 contains a declara-
tion of policy and a statement of the purpose of the act.
Section 2 of the bill, if enacted, would amend § 5 of c. 59
of the General Laws, as amended, by adding the following
clause creating a new class of property exempt from taxa-

tion: "Thirty-eight, In determining the valuation, for city and town tax purposes, of any privately owned airport, the value of any improvements on or to the landing area shall not be included, so long as the owner grants free use of said landing area to the general public for the landing, taking off and taxiing of aircraft; provided, said airport meets the minimum requirements set forth by the Massachusetts Aeronautics Commission in rules and regulations issued under section thirty-nine, chapter ninety, and is certified by the Massachusetts Aeronautics Commission to be included within the needs of civil aeronautics as established by the state airport plan prepared under section thirty-nine A of chapter ninety, and is approved for commercial operation by the Massachusetts Aeronautics Commission."

The question is as follows:

"Is it within the competency of the General Court under that clause of Article IV of section one of chapter one of the Constitution of Massachusetts which reads, in part, as follows: — The general court is empowered 'to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth; . . . And while the public charges of government, or any part thereof, shall be assessed on polls and estates, in the manner that has hitherto been practised, in order that such assessments may be made with equality, there shall be a valuation of estates within the Commonwealth, taken anew once in every ten years at least, and as much oftener as the general court shall order', or under Article X of the Declaration of Rights which reads in part as follows: — 'Each individual of the society has a right to be protected by it in the enjoyment of his life, liberty, and property, according to standing laws. He is obliged, consequently, to contribute his share to the expense of this protection;', or under any other provision of the Constitution relative to taxation or exemption from taxation, to enact said bill into law?"

As we read the proposed act in the light of the aeronautics commission's recommendation, the exemption would be confined to direct improvements to the landing strips and runways themselves, and the tax on such strips and runways would be limited to the unimproved value thereof. We read in the recommendation: "These privately owned commercial airports generally have grass landing strips which are unsuitable for use during certain times of the year. The owners are generally reluctant to pave the runways because this would greatly increase the value used for the assessment of local real estate taxes."

The purpose of the legislation, as stated in § 1, "is to encourage the establishment and development of privately owned airports and air navigation facilities which are providing service to the public at no cost, by granting tax exemption on the value of improvements on or to the landing area." The tax concession would be made in pursuance of the declared policy that it is "in the interest of the needs of national defense and for the development of air commerce and private flying." The exemption, in accordance with the usual rule, is to be strictly construed. *Boston* v. *Quincy Market Cold Storage & Warehouse Co.* 312 Mass. 638, 654.

So understood, the bill is not open to objection upon the constitutional grounds specified. The airports eligible for the exemption, although privately owned as are urban redevelopment corporations, would be those which "perform functions for the public benefit analogous to those performed by various other types of corporations commonly called public service corporations." See *Opinion of the Justices*, 334 Mass. 760, 763. Such corporations, as has been held in a long line of decisions, may receive favored treatment in the matter of taxation. *Worcester* v. *Western Railroad*, 4 Met. 564. *Boston & Maine Railroad* v. *Cambridge*, 8 Cush. 237, 238. *Wayland* v. *County Commissioners of Middlesex*, 4 Gray, 500, 501. *Worcester County* v. *Mayor & Aldermen of Worcester*, 116 Mass. 193. *Boston* v. *Boston & Albany Railroad*, 170 Mass. 95, 98–99. *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 595. *Collector of Taxes*

*of Milton* v. *Boston,* 278 Mass. 274, 277. *County of Middlesex* v. *Waltham,* 278 Mass. 514. *Assessors of Quincy* v. *Cunningham Foundation,* 305 Mass. 411, 417. *Assessors of Boston* v. *Boston, Revere Beach & Lynn Railroad,* 319 Mass. 378, 381–382. *Assessors of Boston* v. *Boston Elevated Railway,* 320 Mass. 588, 591. *Opinion of the Justices,* 324 Mass. 724, 731. *Opinion of the Justices,* 334 Mass. 721, 730, 739–740. *Cabot* v. *Assessors of Boston, ante,* 53, 60. See *Allydonn Realty Corp.* v. *Holyoke Housing Authority,* 304 Mass. 288, 293.

The several provisos within the control of the aeronautics commission are safeguards against abuses of the proposed exemption.

We answer the question, "Yes."

RAYMOND S. WILKINS.
JAMES J. RONAN.
JOHN V. SPALDING.
HAROLD P. WILLIAMS.
EDWARD A. COUNIHAN, Jr.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.