<hr />

THE BOYLSTON WATER DISTRICT *vs.* TAHANTO REGIONAL
SCHOOL DISTRICT.

Worcester.   May 2, 1967. — June 30, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: exemption; Betterment; On property of district.   *Municipal Corporations,* District.   *Boylston Water District.*

Real estate of Tahanto Regional School District, a political subdivision of the Commonwealth created under G. L. c. 71, §§ 14–16I, and comprised of the towns of Boylston and Berlin, actually used for school purposes and located within the geographical limits of The Boylston Water District, a political subdivision of the Commonwealth created by St. 1951, c. 421, and located in a part of Boylston, was not subject to an assessment under c. 421, § 7, whether the assessment should be viewed as a tax or as a betterment assessment; no provision of c. 421, § 7, is an "express enactment" making such real estate subject to the assessment, and no provision of G. L. c. 71, §§ 14–16I, or of c. 59, § 7A, is a "clear implication" that such real estate is subject to the assessment.

CONTRACT.   Writ in the Superior Court dated May 16, 1966.

The action was heard by *Meagher,* J., on demurrer.

*John W. Fellows* for the plaintiff.

*Paul R. O'Connell* for the defendant.

KIRK, J.  In this action of contract in two counts the plaintiff water district, created by St. 1951, c. 421, in a part of the area of the town of Boylston seeks in count 1 to recover money allegedly due for real estate taxes for the years 1962 to 1965, inclusive, from the defendant school district, created in 1961 under G. L. c. 71, §§ 14 through 16I, and comprising the towns of Boylston and Berlin.  In count 2 the water district seeks to recover betterment assessments in the same amounts for the same years.  Both counts are for the same cause of action.  The water district in 1951 issued bonds which are still outstanding.  The school district's regional school is within the geographical limits of the water district.  The school district pays for the water it uses.  It is agreed that both the water district and the school district are political subdivisions of the Commonwealth.  The judge sustained the demurrer of the school district without leave to amend on the ground that the declaration did not state a cause of action.  He was right.

The case presents no novel question.  It lies within a field of law which this court has thoroughly explored.  It is unnecessary to repeat the process.  We limit our discussion to the law as it applies to political subdivisions of the Commonwealth since they alone are parties to the action.  Cases relating to charitable corporations, cited by the water district, are distinguishable.  See discussion by Knowlton, J. in *Boston* v. *Boston & Albany R.R.* 170 Mass. 95, 99–100.

The principle to be deduced from our decisions relating to taxation of one political subdivision by another political subdivision of the Commonwealth is that property "held for a public use by one municipality within the territorial limits of another . . . is not subject to taxation so long as it is actually devoted to a public use." *Collector of Taxes of Milton* v. *Boston,* 278 Mass. 274, 277, and cases cited. The exemption of property so held is not founded on an express provision of statute, but rests upon general principles of propriety, justice and expediency. *Wayland* v.

*County Commrs.* 4 Gray, 500. *Boston* v. *Boston & Albany R.R.* 170 Mass. 95. *Milford Water Co.* v. *Hopkinton*, 192 Mass. 491, 495. *Collector of Taxes of Milton* v. *Boston*, 278 Mass. 274, 277. *County of Middlesex* v. *Waltham*, 278 Mass. 514, 516. The reason for the rule is that property held and used for the benefit of the public should not be made to share the burden of paying public expenses. *Boston* v. *Boston & Albany R.R.* 170 Mass. 95, 99. *Collector of Taxes of Milton* v. *Boston*, 278 Mass. 274, 277.

Because the school district's "property constitutes one of the instrumentalities by which . . . [the Commonwealth] performs its functions . . . we should be unwilling to hold that such property was subject to taxation in any form, unless it were made so by express enactment or by clear implication." *Worcester County* v. *Mayor & Aldermen of Worcester*, 116 Mass. 193, 194. The water district contends that the "express enactment" is contained in St. 1951, c. 421, § 7, which provides that estates which cannot be reasonably supplied with water shall be exempt from the tax, "but all other estates in the district shall be deemed to be benefited and shall be subject to such tax . . . [and the] assessment shall be committed to the town collector, who shall collect said tax in the manner provided by law for the collection of town taxes." The argument fails. The language of the statute stands in sharp contrast to the express enactment authorizing the school district here sought to be taxed to itself apportion costs among the member towns in a regional school district. G. L. c. 71, §§ 16, 16B, 16E. Further, the authority to collect taxes for the water district is vested in the collector for the town which itself could not assess a tax against the school district. The statute is not expressed in terms sufficient to overcome the principle of exemption which has always pertained to political subdivisions of the Commonwealth.

The water district also contends, citing G. L. c. 71, §§ 14–16I, and G. L. c. 59, § 7A, that the Legislature has made the school district subject to the tax by "clear implication."

Nothing in G. L. c. 71, §§ 14–16I, impinges upon or contravenes the provision of G. L. c. 59, § 3B (inserted by St. 1946, c. 393), which expressly preserves the exemption from taxation of the real estate of the political subdivisions of the Commonwealth. Under G. L. c. 59, § 7A (inserted by St. 1945, c. 367, § 2), payments are required in lieu of taxes on a district's property lying within "a municipality *other than* the municipality or municipalities . . . which constitute the district" (emphasis supplied). The school sought to be taxed lies within the municipality of Boylston, which, with Berlin, constitutes the school district. The statute does not provide for payments in this situation. The effect of holding the school district liable to the water district is to supply "the omission" from the statute. But, "[i]f the omission was intentional, no court can supply it. If the omission was due to inadvertence, an attempt to supply it . . . would be tantamount to adding to a statute a meaning not intended by the Legislature." *Mitchell* v. *Mitchell,* 312 Mass. 154, 161.

Viewing the proposed tax as a charge for an improvement under count 2, the water district's case stands on no higher ground. *Worcester County* v. *Mayor & Aldermen of Worcester,* 116 Mass. 193, 194. *Boston* v. *Boston & Albany R.R.* 170 Mass. 95, 99–100. See *Mount Auburn Cemetery* v. *Cambridge,* 150 Mass. 12, 18. Cf. *Worcester Agricultural Soc.* v. *Mayor & Aldermen of Worcester,* 116 Mass. 189; *Boston Seamen's Friend Soc.* v. *Mayor & Aldermen of Boston,* 116 Mass. 181.

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*