355 Mass. 387                                         387

Board of Gas & Elec. Commrs. of Middleborough *v.* Assessors of Lakeville.

BOARD OF GAS AND ELECTRIC COMMISSIONERS OF MIDDLE-
BOROUGH *vs.* BOARD OF ASSESSORS OF LAKEVILLE
(and a companion case [1]).

Plymouth. Bristol. January 8, 1969. — February 28, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Taxation,* Personal property tax: exemption; Property devoted to public
use; Property of municipality in another municipality. *Municipal
Corporations,* Property.

Personal property of a municipality used to supply electricity from its
electric plant to its customers in another municipality where such
property is located is not taxable by the other municipality.

TWO BILLS IN EQUITY filed in the Superior Court on
March 22, 1966, and July 14, 1966.

The suits were reported by *Collins,* J.

*Nathan S. Paven* for the Board of Gas and Electric Com-
missioners of Middleborough.

*Edward A. Roster* for Taunton Municipal Light Plant
Commission.

*Felix F. Perrone* for the Board of Assessors of Lakeville.

WILKINS, C.J.    These bills for declaratory relief under
G. L. c. 231A have been consolidated for hearing, and are
reported without decision by a judge of the Superior Court
upon the pleadings and a statement of agreed facts.    The
determination sought is whether personal property owned
by one municipality which is located in an adjoining muni-
cipality and used to supply electricity to its customers in
the adjoining municipality is taxable as personal property
by the second municipality.

The board of gas and electric commissioners of the town
of Middleborough is established pursuant to G. L. c. 164,
§ 34 (now as amended through St. 1966, c. 146).    The

---

[1] Taunton Municipal Light Plant Commission *vs.* Board of Assessors of
Lakeville.

municipal light plant commission of the city of Taunton (Taunton plant) is established by Sp. St. 1919, c. 150.

Taunton plant manufactures and sells electric power to the citizens of Taunton; to some seventy-five customers in the town of Lakeville, who are serviced directly by Taunton plant; and to the Middleborough municipal light plant which sells electric power at retail to residents of Middleborough and to residents of Lakeville, and has about 1,600 customers in Lakeville. Taunton plant has a transmission line and associated equipment in Lakeville which provide power for the water supply system of the city of Taunton located at Lake Assawompset in Lakeville.

The assessors of Lakeville (assessors) have for many years assessed a tax on the personal property owned by the New Bedford Gas and Edison Light Company (New Bedford) and located in Lakeville which is used to supply electricity to its 308 customers in that town. New Bedford has always filed an inventory of its personal property in Lakeville. The taxes thus levied on New Bedford were $3,717.83 in 1965 and $3,614.85 in 1966.

In 1965 the assessors levied a tax on the personal property, except underground conduits, wires, and pipes laid in public ways, owned by the town of Middleborough which is used to supply electricity to customers in Lakeville. Also in 1965 the assessors levied a personal property tax on all personal property of Taunton plant in Lakeville except for underground conduits, wires, and pipes laid in public ways. The taxes levied on Middleborough were $33,376.59 in 1965 and $31,500 in 1966, based on a valuation of $350,000. The taxes levied on Taunton were $9,984.50 in 1965 and $9,459 in 1966, based on a valuation of $105,000. Neither municipality has filed an inventory of its personal property in Lakeville. These taxes were an innovation and had never been assessed before 1965. Middleborough and Taunton have refused to pay, contending that such personal property is exempt from taxation.

Under an agreement with Taunton, Middleborough is obligated to pay the tax assessed on personal property of

Taunton plant which is located in Lakeville and is used to supply electric power to Middleborough "if existing laws or future legislation should prevent purchaser (Middleboro) from obtaining such exemption."

As electric light plants the plaintiffs are subject to regulation by the Department of Public Utilities under G. L. c. 164. Pursuant to St. 1915, c. 191 (now G. L. c. 164, § 47), a predecessor [1] of that department on May 3, 1916, authorized the extension of service by Middleborough to Lakeville as far as Lake Assawompset. Thereafter such service has been extended to other sections of Lakeville with the assent of its board of selectmen.

The law applicable to the present cases has recently been plainly set forth in *Boylston Water Dist.* v. *Tahanto Regional Sch. Dist.* 353 Mass. 81, 82–83. "The principle to be deduced from our decisions relating to taxation of one political subdivision by another political subdivision of the Commonwealth is that property 'held for a public use by one municipality within the territorial limits of another . . . is not subject to taxation so long as it is actually devoted to a public use.' *Collector of Taxes of Milton* v. *Boston,* 278 Mass. 274, 277 . . . . The exemption of property so held is not founded on an express provision of statute, but rests upon general principles of propriety, justice, and expediency." The foregoing is an exception to the general provision of G. L. c. 59, § 2, and long has been made for the reason that property held and used for the public benefit should not be burdened with paying public expenses. *Boston* v. *Boston & Albany R.R.* 170 Mass. 95, 99. *Collector of Taxes of Milton* v. *Boston, supra. Boylston Water Dist.* v. *Tahanto Regional Sch. Dist., supra.*

No provision of G. L. c. 59 referred to by the defendant has subjected the personal property here considered to taxes by "clear implication." See *Tahanto* case, *supra,* 83–84. The property, not being subject to taxation, did not become so just because no inventory was filed. See § 29.

---

[1] Gas and Electric Light Commissioners of the Commonwealth.

"The development of electricity by a municipality for light, heat and power for general use is a function which under the Constitution can be conferred by an appropriate statute. It is a public use." *MacRae* v. *Selectmen of Concord,* 296 Mass. 394, 397. See *Opinion of the Justices,* 150 Mass. 592, 594–595. The case of *Kelmel* v. *Holyoke,* 280 Mass. 433, 434, dealing with the tort liability of a city to a purchaser of light bulbs in its gas and electric department in its city hall, is obviously not an authority to the contrary.

The same result would ensue from G. L. c. 164, § 47. This provides that a town which has acquired a municipal lighting plant may be authorized by the Department of Public Utilities to extend its mains or lines into an adjoining town in order to distribute gas or electricity therein. "Such authorization shall be upon such terms and with such limitations and restrictions as the department deems for the public interest. A town so authorized shall thereafter have in such adjoining town the same rights and privileges, and be subject to the same limitations and obligations, as it has within its own territorial limits."

Declaration is to be made in each case that the personal property owned by the plaintiffs in the town of Lakeville is not taxable by Lakeville.

*So ordered.*