[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
AUTHORITY OF TOWN OF HEBRON MEMORANDUM OF DECISION ON PLAINTIFF'S MOTIONFOR SUMMARY JUDGMENT
The plaintiff, Regional School District No. 8 (hereafter School District), which is a regional middle school and high school district for the towns of Hebron, Andover and Marlborough, and is the owner of property on RHAM Road in the town of Hebron on which the School District's middle school and high school are located, has taken this appeal from the levy by the defendant, the Water CT Page 1507-M Pollution Control Authority of the town of Hebron (hereafter WPCA), of an assessment of benefits in the amount of $732,480 under § 7-249 of the General Statutes which permits a town's water pollution control authority to "levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited's by construction of a municipal sewerage system.
In the first count of its amended appeal, the plaintiff School District claims that its real property is exempt from the sewer assessment. In the second count, the School District claims that the assessment is in excess of the special benefit accruing to the property and that the WPCA acted illegally and in excess of the authority vested in it by law.
The WPCA, by motion dated September 30, 1993, moved to strike the first count of the amended complaint claiming that the property is subject to assessment of benefits for sewer construction. By memorandum of decision dated September 16, 1994, the court, Hammer, J., denied defendant's motion to strike the first count of the amended complaint. Defendant admitted in its memorandum supporting its motion to strike that a denial of its motion would eliminate CT Page 1507-N the need for a trial of the second count.
On November 8, 1994, plaintiff filed a motion for summary judgment as to both counts. Defendant has stated in its memorandum in opposition to the motion for summary judgment that its opposition is based upon the same reasons it gave in support of its motion to strike; and further that unless the court revisits the ruling on the motion to strike, the motion for summary judgment must be granted, leaving the issue to be resolved on appeal.
The parties orally stipulated in open court on February 14, 1995 that the property subject of the sewer assessment is owned by the plaintiff. Accordingly, this court finds that the plaintiff is aggrieved by the defendant's levy of the sewer assessment.
This court has thoroughly read the pleadings and the extensive briefs filed by the parties regarding the motion to strike, plaintiff's memorandum and affidavit in regard to the motion for summary judgment as well as Judge Hammer's memorandum of decision denying the motion to strike.
There are no disputed issues of material fact. Whether the CT Page 1507-O subject property is exempt from sewer assessment and whether the defendant acted illegally are matters of law.
Judge Hammer's decision states that the legal issue raised by the motion to strike is a question of first impression in this state.
Judge Hammer further found, inter-alia, as follows:
 1. The plaintiff (regional) school district is a quasi-municipal corporation.
 2. Although the subject property is held by the School District, it is held for the uses and purposes of the state and is not subject to taxation in any form unless the intent of the Legislature to render it so clearly appears; citing Inhabitants of Worcester County v. City of Worcester, 116 Mass. 193, and Boylston Water District v. Tahanto Regional School District, 227 N.E.2d 921
(Mass. 1967) which reaffirmed Worcester, supra, in the case of a levy of a special assessment on a regional school district. CT Page 1507-P
 3. General Statutes § 7-255 specifically includes "municipally owned and other tax exempt property" as being subject to sewer connection and use charges. General Statutes § 7-249, under which the plaintiff was assessed, does not specifically include such property as being subject to special benefit assessment for sewers. This means that the General Assembly intended that property owned and used by political subdivisions of the state for public purposes (i.e. that of a regional school district) be (is) exempt from special assessments for benefits resulting from the construction of a municipal sewerage system under authority of General Statutes § 7-249. In sum, Judge Hammer found that there was no legislative intent to include property of regional school districts as being subject to special benefit assessments for sewers. In fact, he found the opposite, that the intent was to exempt such property from such assessment.
 4. That, as a matter of law, the installation of sewers for (regional) schools cannot and does not confer a direct and immediate benefit upon the school property resulting CT Page 1507-Q in an increase in its market value.
According to the law of the case doctrine, this court may treat Judge Hammer's decision as the law of the case if it is of the opinion that the issue was correctly decided and is not clearly erroneous. Lewis v. Gaming Policy Board, 224 Conn. 693, 697
(1993); Carothers v. Capozziello, 215 Conn. 82, 107 (1990); Breenv. Phelps, 186 Conn. 86, 99-100 (1982). A review of Judge Hammer's decision makes it clear that he thoroughly examined the briefs of the parties, conducted exhaustive research and considered all aspects of the issues involved. His decision is comprehensive, thorough, well reasoned and well analyzed. In this court's opinion the issues were correctly decided and not erroneous. This court agrees with Judge Hammer's decision. It is the law of the case.
Therefore, the court finds that there is no genuine issue of material fact, that the property of the plaintiff is exempt from special benefit assessment for sewer construction and that the plaintiff is entitled to judgment as a matter of law.
As to the second count, in view of the ruling that no special benefit can accrue to the subject property as the result of sewer CT Page 1507-R construction and that, in any case, such property is exempt from sewer assessment, plaintiff is entitled to judgment on the second count as a matter of law.
Plaintiff's motion for summary judgment is granted as to both counts of the amended complaint.
Rittenband, J.