Haggerty, J.
In this action, plaintiff Tracy L. Rodley (“Rodley”) is seeking damages from defendants Commonwealth of Massachusetts, Bridgewater State College (“Bridgewater State”), Massachusetts State College Building Authority (the “Building Authority”) and the Higher Education Coordinating Council. The Building Authority now moves for summary judgment on the plaintiffs claims against it for negligence (Count XI), breach of the implied warranty of habitability (Count XII), negligent failure to warn (Count XIII), and negligent infliction of emotional distress (Count XIV). The defendant Building Authority asserts that it owes no duty to the plaintiff and thus, as a matter of law, it cannot be held liable for the plaintiffs injuries. For the reasons stated below, the defendant’s motion for summary judgment is DENIED.
BACKGROUND
On February 27, 1993, Rodley, a student a Bridgewater State, was sexually and physically assaulted in her dormitory room at Pope Hall. The intruder gained access to her ground floor room through a window while the plaintiff slept. The plaintiff has claimed, inter alia that the windows, screens and locks- were not adequate to protect her from the intruder who raped and beat her.
The Building Authority is a body politic created by the legislature pursuant to Massachusetts General Laws, c. 73 app. §§1-2. On September 14, 1976, the Commonwealth leased the land at Bridgewater State to the Building Authority for a period of forty years for the purpose of constructing and maintaining residence buildings. By the terms of this lease, at the conclusion of forty years, or later if extended, the buildings, equipment, furniture and fixtures become the property of the Commonwealth. On November 1, 1994, the Commonwealth, via the Higher Education Coordinating Council, entered into a Contract for Financial Assistance, Management and Services with the Building Authority (“the 1994 contract”) which superseded an earlier contract dated April 1, 1986. The earlier contract and the 1994 contract governed the maintenance of Pope Hall.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17(1989). Because the burden is on the movant, the evidence presented is construed in favor of the party opposing the motion, and the opposing party is given the benefit of all favorable inferences that can be drawn from that evidence. Parent v. Stone & Webster Eng’g Corp., 408 Mass. 108, 112-13 (1990).
In order for the Building Authority to be held liable for the condition of the dormitory, it must have owed a duty of care to the plaintiff at the time of the incident. Whether a duty of care is owed by one person to another is a question of lawfor the court, and in determining whether such duty exists, the court looks to the existing social values and customs and to appropriate social policy. See Yakubowitz v. Paramount Pictures Corp., 404 Mass. 624, 629 (1989); Monadnock Display Fireworks, Inc. v. Town of Andover, 388 Mass. 153, 156 (1983); Schofield v. Merrill, 386 Mass. 244, 246-54 (1982). The Budding Authority asserts that it had no duty of care, as a matter of law, because G.L.c. 73 app. §1-3, its enabling statute, removes its independent control and authority over the dormitories at Bridgewater State.- It asserts that it can only act at the request of the trustees of Bridgewater State.
G.L.c. 73 app. §§1-3 defines the purposes of the Building Authority, which includes providing dormitories.[3] As stated, under this section of the statute, the Building Authority is not permitted to undertake any projects except upon approval by the trustees. The term “project” is defined as “the construction of new buildings or structures and the acquisition, addition to, alteration, enlargement, reconstruction, rehabilitation, remodeling and other work, including, but not limited to, the alteration or modification of existing facilities . . . with respect to which the Authority shall provide by resolution for the issuance of a series of bonds or notes.” G.L.c. 73 app. § 1- 1(e). This court interprets this section of the statute to mean that the only projects that require the trustees approval are those projects which require bonding.
G.L.c. 73 app. §1-4 provides for the general grant of powers of the Building Authority. Specifically, §1-4(e) provides for three separate areas by which the Building Authority is authorized and empowered to take action. First, the Building Authority is authorized to “construct buildings or structures and to acquire, add to, alter, enlarge, reconstruct, remodel and do other work in or upon or respecting any building or structure ...” In order to take these actions, however, the Building Authority must make a written request to the trustees. Second, the Building Authority is authorized to “provide and install furnishings, furniture, machinery, equipment, facilities . . .” to buildings and structures. Again, for these kinds of improvements and changes, it must obtain the ap *262 proval of the trustees. Finally, the Building Authority is authorized to “repair, maintain and operate all property in which the Authority holds an interest.” There is nothing in this clause which indicates that the Building Authority must seek approval from the trustees in order to initiate the specific functions delineated in the third clause of § 1 -4(e). Where “the Legislature has carefully employed specific language in one paragraph of a statute . . . but not in others which treat the same topic . . . the language should not be implied where it is not present.” Hallett v. Contributory Retirement Appeal Board, 431 Mass. 66, 69 (2000), quoting First Nat’l Bank v. Judge Baker Guidance Ctr., 13 Mass.App.Ct. 144, 153 (1982). See Murphy v. Department of Correction, 429 Mass. 736, 744 (1999); Beeler v. Downey, 387 Mass. 609, 616 (1982); Boylston Water Dist. v. Tahanto Regional Sch. Dist., 353 Mass. 81, 83-84 (1967). Therefore, this Court declines to conclude that the Building Authority must seek approval from the Trustees when repairing, maintaining and operating property in which it holds an interest, including Pope Hall at Bridgewater State.
The independence of the Building Authority is bolstered by the 1994 contract between the Commonwealth and Building Authority which provides, in part, in the sixth clause:
The Authority shall establish and revise rules and regulations to insure the use and occupancy of, and . . . Fix and revise fees, rents, rates and other charges for the use of, the Projects and Existing Projects and any portion thereof or room or other accommodation therein.
Such rules and regulations and such fees, rents, rates and other charges shall be so fixed and adjusted in respect of the aggregate of all revenues and income from the Projects and Existing Projects and from all other sources pledged under the Trust Agreement . . . (1) so as to provide Revenues sufficient to (a) pay the reasonable and necessary costs of (i) services, facilities, supplies, materials and utilities necessary for or incident to the maintenance, repair (including reconstruction, rehabilitation, replacement and restoration) and operation of the Projects and Existing Projects and the facilities and services provided thereby . . .
This Court finds that the language in the 1994 contract creates duties and responsibilities of the Building Authority to maintain, repair and operate the dormitories at Bridgewater State and that the cost of maintenance (including rehabilitation) is to be funded from revenues generated by the dormitory rather than by the issuance of bonds. Thus, maintenance and rehabilitation of Pope Hall is not a “project” which requires Trustee approval. The language in the 1994 contract along with the statutory language establish that the Building Authority had an independent duty to control, maintain and operate Pope Hall[4] and this duty extended to maintenance of screens, locks and windows.
ORDER
This court hereby ORDERS that defendant Massachusetts College State Building Authority’s motion for summary judgment be DENIED.

G.L.c. 73 app. §1-3 reads in part:
Purposes — The Authority is created for the general purposes of aiding and contributing to the performance of the educational and other purposes of the state colleges by providing dormitories, dining commons and other buildings and structures for the use of one or more state colleges, students, staff and their dependents, which may be located at such place or places as the trustees may designate and which may be provided in collaboration with, and for joint use by other agencies, boards, commissions or departments of the Commonwealth and authorities created by the laws of the Commonwealth. The Authority shall not initiate any project except upon written request made by authority of the trustees . . .

Pope Hall is listed as one of the Existing Projects in the 1994 contract.