## WORCESTER AGRICULTURAL SOCIETY *vs.* MAYOR AND ALDERMEN OF WORCESTER.

Worcester. October 5. — 28, 1874. COLT & MORTON, JJ., absent.

The exemption of the real estate of incorporated agricultural societies from taxation by the Gen. Sts. *c.* 11, § 5, *cl.* 9, is only from taxation imposed for the general public purposes of government, and does not apply to taxation for local improvements under the St. of 1867, *c.* 106, § 1.

The misnomer of the owner of real estate in laying an assessment thereon is no ground for quashing the proceedings on certiorari unless it is shown that his rights were prejudiced thereby.

A petition for a writ of certiorari to quash the proceedings by which a betterment tax had been assessed upon the real estate of an incorporated agricultural society alleged that the respondents had designedly omitted to assess any part of the expenditures for which the tax was laid upon houses of religious worship. The answer denied that houses of religious worship were designedly omitted from said assessment, but admitted that they were not included therein. The case was reserved on the petition, answer and a demurrer thereto. *Held,* that it did not appear that there were any houses of religious worship so situated as to be liable to the assessment.

PETITION for a writ of certiorari, setting forth that the petitioner was an incorporated agricultural society, having for its limits the county of Worcester · that it was seised in fee of lands on the west side of Seaver Street, in Worcester; that the mayor and aldermen of Worcester, by an order dated April 15, 1872,

" assessed upon said lands the sum of five hundred and ninety-two dollars, describing the same in said order as the ' grounds of the Worcester County Agricultural Society,'" pretending that said lands were liable to such assessment, and that said sum is the proportionate share of the expenditure of said city for sewers and drains constructed under the St. of 1867, c. 106 ; that the assessment had been committed to the collector, who had advertised the lands for sale.

The petition further alleged that the assessment was void for the following reasons : 1. That the assessment was a tax, and the land of the petitioner was exempt from taxation. 2. That the corporate name of the petitioner was not correctly stated. 3. That the mayor and aldermen have designedly omitted to assess any portion of the expenditures of the city for construction of sewers and drains upon houses of religious worship, or upon the real estate of literary, charitable, benevolent and scientific institutions, or upon any of the other classes of property described in the Gen. Sts. c. 11, § 5, except the lands of the petitioner.

The answer of the respondents denied that the assessment was void, and that it was a tax within the Gen. Sts. c. 11, § 5 ; and averred that the misnomer of the name of the society was no ground of relief ; and denied that the respondents had designedly omitted to assess any portion of the assessment for the construction of drains and sewers upon any class of property described in the above section of the General Statutes ; but admitted " that houses of religious worship were not included in said assessment."

Hearing before *Gray*, C. J., who reserved the case for the consideration of the full court on the petition, the answer and a demurrer thereto.

*W. T. Harlow*, for the petitioner.

*W. A. Williams*, for the respondents.

DEVENS, J.    This is a petition for a writ of certiorari to quash the respondents' proceedings in laying an assessment upon the lands of the Worcester Agricultural Society. By the St. of 1867, c. 106, § 1, the city council of Worcester were authorized to make and maintain in said city " all such drains and common sewers as they shall adjudge to be for the public health or convenience,' and by § 4, of the same statute, it was provided that " every per-

son owning real estate upon any street in which any drain or sewer may be laid under or by virtue of this act, and upon the line thereof, or whose real estate may be benefited thereby, shall pay to said city such sum as the mayor and aldermen shall assess upon him as his proportionate share of the expenditure of the city for drains and sewers." Drains and sewers having been constructed by virtue of this act, and the petitioner owning an estate upon the line of such sewers has been assessed a portion of the expenditure, to which it objects upon the ground that "such assessment is taxation within the meaning of the Gen. Sts. *c.* 11, § 5, *cl.* 9, which exempts from taxation "the estate, both real and personal, of incorporated agricultural societies."

It was, however, held in *Boston Seamen's Friend Society* v. *Mayor & Aldermen of Boston,* and *Children's Mission* v. *Aldermen of Boston, supra,* 181, for reasons which need not be here restated, that the exemption given by the Gen. Sts. *c.* 11, § 5, to charitable societies was an exemption from taxation for the general public purposes of government merely, and that it did not include exemption from taxation for the cost of such local improvements of a public nature, as were in the opinion of the legislature necessary, and therefore authorized in the particular localities where their estates were situated. In those cases the assessments made upon the estates of the societies were for expenditures which the public authorities of Boston were authorized to incur in laying out and widening certain streets, and afterwards to assess in one case upon the abutters, and in the other upon the abutters and those whose estates were benefited, while here the assessment is for expenditures in the construction of certain sewers. In all, however, the taxation is for an improvement local in its operation, effects and immediate benefits, which by the condition of the particular localities, where the estates taxed are situated, has in the judgment of the legislature been rendered necessary. The differences between those cases and the present are not, therefore, essential so far as the nature of the assessment is concerned, and as no distinction can be made, favorable to the petitioner, founded upon any difference in the character of its society, they must be considered conclusive upon the point, that the estate of the petitioner is not exempt from taxation of this description.

Nor can the objection of the petitioner that its corporate name is not the Worcester County Agricultural Society, under which the land was assessed, but the Worcester Agricultural Society, be deemed important. The land in respect to which the assessment was made was sufficiently described, and the accidental misnomer by the introduction of a word into its corporate name can have done the petitioner no injury. The writ of certiorari is not granted on account of errors of form only, where no rights can have been in any way prejudiced. *Jones* v. *Aldermen of Boston*, 104 Mass. 461.

It remains to be considered whether the writ should be granted on the ground of the omission by the respondents of any estates properly subject thereto from the assessment, by which the burden of the petitioner has been increased. The petition charges that the respondents have " designedly omitted " to assess any portion of their expenditures for the construction of sewers and drains upon houses of religious worship, the real estate of literary, charitable, benevolent or scientific institutions, and the other classes of property described in the Gen. Sts. *c.* 11, § 5, except the lands of the petitioner." The answer denies that the respondents have " designedly omitted " to assess any portion of this expenditure upon the classes of property named, but admits that " houses of religious worship were not included in said assessment." Whether there were any societies owning houses of religious worship upon any of the streets in which the sewers were laid, and upon the line thereof, or whose real estate was benefited thereby, so that they should have been included in the assessment, does not distinctly appear from a mere statement in the answer that houses of religious worship were not included in the assessment, and we cannot infer, as against the validity of it, that there were any such.

If the petitioner desired to present to us the question whether the omission without design of houses of religious worship would invalidate the assessment, it should definitely appear in some way that there were such so situated as to be liable to it.

*Writ of certiorari denied.*