JOSIAH B. RICHARDSON *vs.* MASSACHUSETTS CHARITABLE MECHANIC ASSOCIATION & others.

Suffolk.   Nov. 18, 1880. — April 11, 1881.   LORD, SOULE & FIELD, JJ., absent.

The charter of a corporation authorized it to purchase and hold "in fee simple or otherwise" real and personal estate to the amount of $50,000, which was increased by subsequent statutes to $600,000; and provided that the corporation might appropriate its funds to charitable purposes, and that its annual income should be employed, among other purposes, "to promote inventions and improvements in the mechanic arts, by granting premiums for said inventions and improvements." Neither the charter nor the subsequent statutes directed the manner in which the provisions for granting these premiums should be carried out. *Held,* that the corporation might purchase land and erect a permanent building thereon in which to hold exhibitions and the meetings of the corporation.

BILL IN EQUITY, filed July 1, 1880, to restrain the defendants from carrying out an arrangement by which the defendant corporation was to mortgage its estate on Bedford Street in Boston for the sum of $125,000, and purchase with that sum a tract of land on Huntington Avenue, for the purpose of erecting thereon a permanent building, in which to hold exhibitions and the meetings of the corporation. Hearing upon bill, answer and supplemental answer before *Colt*, J., who dismissed the bill, with

costs; and the plaintiff appealed to the full court. The facts appear in the opinion.

F. W. Griffin, for the plaintiff.

H. G. Allen, for the corporation, was not called upon.

ENDICOTT, J. It is not contended by the plaintiff that the defendant corporation exceeded its powers in mortgaging its estate on Bedford Street. See Hendee v. Pinkerton, 14 Allen, 381. Nor does the plaintiff seriously contend that the corporation has exceeded its powers in holding occasional fairs, for the exhibition of inventions and improvements in the mechanic arts, in buildings hired or temporarily erected for that purpose; but the claim is that it has no authority to buy land and erect a permanent building thereon in which to hold such exhibitions.

The Massachusetts Charitable Mechanic Association was chartered by the St. of 1805, c. 75, with authority to purchase and hold " in fee simple or otherwise " real estate to the amount of $40,000, and personal estate to the amount of $10,000, " and the same to sell, aliene and dispose of at their pleasure." By subsequent acts, the last of which was passed in April, 1880, the amount of real and personal estate authorized to be held by the corporation has been increased to $600,000. The charter provides that the corporation may appropriate its funds to charitable purposes, and that its annual income " shall only be employed for the purpose of relieving the distresses of unfortunate mechanics and their families; to promote inventions and improvements in the mechanic arts, by granting premiums for said inventions and improvements; and to assist young mechanics with loans of money." By the St. of 1825, c. 88, it was empowered to " establish schools and libraries for the use of apprentices, and the improvement of the arts."

Neither the charter nor the subsequent acts in addition thereto direct the manner in which the provisions for granting premiums for inventions and improvements in the mechanic arts shall be carried out. But the constitution adopted by the association provides that, " as it is compatible with the act of incorporation and for the good of the society, the association may from time to time, when the state of its business will warrant, encourage and promote inventions and improvements in the arts, by periodical exhibitions, and the granting of such premiums for

ingenuity and superior workmanship as the government shall deem expedient."

For many years the association has been in the habit of holding such exhibitions in buildings hired or temporarily erected for that purpose. The money received from such exhibitions, over and above the expenses, has been invested in real and personal estate, and the income therefrom devoted to the uses of the association as directed by the.charter.

We cannot say that the method thus adopted for carrying into execution this particular provision of the charter is beyond the power of the corporation. The charter failing to indicate in what manner this power shall be exercised, a wide discretion is given to the association; for there are many ways in which it might be executed. An exhibition open to the public at a proper charge, at which mechanics may display their inventions and improvements, and compete for premiums and gratuities, would seem to be a reasonable method for carrying out this provision, not inconsistent with any other provision of the charter; and any profit arising therefrom might properly be held by the association, and the income thereof devoted to the purposes for which it was incorporated. In order to do this a place must be provided for the exhibition, either by hiring buildings, or by erecting temporary or permanent buildings for the purpose; for the association has full power to acquire title to real estate in fee simple or otherwise, and it can undoubtedly hold such real estate as is necessary for its use in the exercise of the powers conferred upon it.

We can have no question that the association could hold such an exhibition in its building on Bedford Street, or in any other building owned by it as an investment, if adapted and convenient for such a use; or that it may purchase land and erect a permanent building upon it for that purpose. The defendant corporation therefore did not exceed its corporate powers in purchasing the land on Huntington Avenue, for the purpose of erecting a permanent building thereon suitable for exhibitions, and for the meetings of the association.

The case was heard upon bill, answer and supplemental answer, and the allegations of the answers are to be taken as true. In the supplemental answer, it appears that, by a vote of

July 21, 1880, the earlier proceedings of the association on this subject, including the acceptance of the St. of 1880, *c.* 234, were ratified and confirmed. We express no opinion whether any vote of acceptance of that act was necessary.

*Decree affirmed.*