FRED A. BRADBURY *vs.* BOSTON CANOE CLUB.

Suffolk.   November 14, 1890. — January 10, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Corporation — Ultra Vires — Borrowing of Money.*

A corporation, formed under the Pub. Sts. c. 115, § 2, for encouraging athletic exercises, has the power to borrow money for building a club-house upon land leased by it, within the limit fixed by § 7, which provides that such a corporation may, to a limited amount, "hold real and personal estate, and may hire, purchase, or erect suitable buildings for its accommodation."

HOLMES, J.   This is an action upon a promissory note for one hundred and fifty dollars and interest, given by the defendant to the plaintiff for money lent to it by the plaintiff to be used in building a club-house.   There is a second count for money lent. At a meeting, duly called, the corporation passed a vote authorizing its treasurer to borrow money in terms sufficiently broad to cover the loan in question.   The suggestion that no sufficient notice of the business to be transacted was given, does not seem to us fairly open on the agreed facts.   Moreover, it would be impossible to argue that the defendant had not recognized and ratified the act of its treasurer in borrowing from the plaintiff. The money was received by the corporation, and was used by it for the purpose mentioned.   The only question for us is, whether the corporation acted illegally in borrowing money for the purpose of erecting a club-house upon land of which it held a lease.

The defendant is a corporation formed under the Pub. Sts. c. 115, § 2, for encouraging athletic exercises.   By § 7 it "may hold real and personal estate, and may hire, purchase, or erect suitable buildings for its accommodation, to an amount not exceeding five hundred thousand dollars," etc.   We are of opinion that under these words the defendant had power to take a lease of land and to erect a suitable club-house upon it.   Having this power, it was entitled to raise money for the purpose.   No argument is needed to show that the power at the end of § 7, to receive and hold in trust funds received by gift or bequest, does not confine the corporations to that mode of raising it.   Borrowing money is a usual and proper means of accomplishing what the statute expressly permits.   See *Fay* v. *Noble*, 12 Cush. 1, 18; *Morville* v. *American Tract Society*, 123 Mass. 129, 136; *Davis* v. *Old Colony Railroad*, 131 Mass. 258, 271, 275.   As this is a sufficient reason for giving the plaintiff judgment, it is unnecessary to consider whether there are not others.

*Judgment for the plaintiff.*

*C. J. McIntire & F. Hunt*, for the plaintiff.
*C. H. Sprague*, for the defendant.