THE PEOPLE *ex rel.* F. A. Coggeshall, State's Attorney, Plaintiff in Error, *vs.* THE WALKER OPERA HOUSE COMPANY, Defendant in Error.

*Opinion filed February 25, 1911.*

1. PLEADING—*a party must stand by demurrer if he desires to have order overruling it reviewed.* A party who desires to have an order overruling a demurrer reviewed must stand by his demurrer and not plead over.

2. SAME—*filing replication to a plea admits sufficiency of plea.* Filing replications after a demurrer to a plea to an information in the nature of *quo warranto* is overruled is an admission of the sufficiency of the plea, in law, to bar a recovery on such information.

3. QUO WARRANTO—*when demurrers are properly sustained to replications.* Where the question raised by an information in *quo warranto,* a plea thereto and a demurrer to the plea, is whether the defendant corporation had legal authority to act for the purposes named in its charter, replications which seek to present that question after the demurrer to the plea is overruled are bad and are open to demurrer.

4. SAME—*when replications are not departures from case made by information.* Where the original count in an information in the nature of *quo warranto* charges the defendant corporation with exercising, without warrant, the privilege of erecting and operating a building for certain purposes, replications to a plea setting up the defendant's legal organization, which charge that the defendant has not kept books of account or afforded stockholders a

reasonable opportunity to inspect the records and books, are not departures from the case made by the information.

5. SAME—*what must be shown by plea to information in nature of quo warranto.*  The plea of a defendant to an information in the nature of *quo warranto* must not only show that it had the right to use the license or privilege questioned, but that it still has such right.

6. SAME—*if any of several pleas to an information are good the defendant is entitled to judgment.*  If any of the several pleas to an amended count in an information in the nature of *quo warranto* are good the defendant is entitled to judgment as to such amended count.

7. CORPORATIONS—*right of a corporation to rent real estate not immediately needed.*  Where an amended count in an information in the nature of *quo warranto* charges the defendant corporation with being engaged in the business of owning and renting real estate, a plea setting up the incorporation of the defendant and averring that the defendant owns and operates a building in carrying on its business, and has rented, from time to time, a small part thereof not then needed for its purposes, presents a good defense, and a further averment that the defendant has a right to engage in the particular business may be rejected as surplusage.

8. SAME—*what question as to corporate business cannot be determined on demurrer.*  Whether the operation of a building as an opera house and its operation for military purposes are two separate businesses is a question of fact and not of law, and can not be determined on demurrer.

9. SAME—*a corporation authorized to carry on certain business may do so through a lessee.*  If the charter of a corporation authorizes it to engage in the business of conducting an opera house, the charter is complied with if the corporation carries on the business through a lessee.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding.

F. A. COGGESHALL, State's Attorney, (GEORGE W. BURTON, HENRY I. GREEN, and GEORGE W. BLACK, of counsel,) for plaintiff in error.

F. B. HAMILL, and O. B. DOBBINS, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an information in the nature of *quo warranto,* brought by the People of the State of Illinois, on the relation of the State's attorney, in the circuit court of Champaign county, against the Walker Opera House Company, a corporation. After leave granted in August, 1909, the original count in the information was filed, charging defendant in error with using, "without any warrant, charter or grant, the following liberties, privileges and franchises, viz.: To purchase or erect and operate a building or buildings for military and other purposes." To this information defendant in error filed two pleas, the first stating, among other things, that said opera house company was organized June 20, 1889, under the general Incorporation act of 1872, under a certificate granted according to law by the Secretary of State, and setting out in full the statement and license, which documents, after giving the name of the corporation as the Walker Opera House Company, stated that "the object for which it is formed is to purchase or erect and operate a building or buildings for military and other purposes," and that by this warrant the defendant in error was exercising the liberties, privileges and franchises mentioned, and that it had not usurped, or does not now usurp, any of such privileges or franchises. The second plea need not be set out, as a demurrer to it was sustained and no question is here raised with reference thereto. A demurrer was also filed to the first plea. This was overruled and leave granted to the plaintiff in error to file an additional count and also replications to said original plea. Seven replications were filed. The first charged that the defendant had not kept or caused to be kept at its principal place of business "correct books of account of all its business;" the second, that the defendant had not given or afforded certain stockholders the right or opportunity, at reasonable times, to examine the records and books of account; the third, that the defend-

ant was wholly without authority of law to "purchase or erect and operate a building or buildings for military and other purposes," and that the object of the organization as a corporation, as set forth in the plea, was not definite and was not a lawful object; the fourth, that the corporation was engaged in the business of owning, possessing and enjoying more real estate than was necessary for the transaction of its lawful business; the fifth, that for a long time prior to the commencement of the suit said corporation had not been engaged in any lawful business under its articles of incorporation; the sixth, that it had usurped and was usurping, without legal authority, certain franchises, namely, to purchase or erect and operate a building or buildings for military and other purposes; the seventh, that it had been engaged in the sole business of leasing the building theretofore purchased and improved and collecting rents therefor without authority. A demurrer filed by the defendant to each of these replications was sustained.

One of the chief contentions of plaintiff in error in support of the original count, and the replications to the first plea thereto, is, that the defendant in error was organized for more than one distinct purpose, and that therefore such organization was unlawful; that the defendant in error was operating a building for opera house purposes when it was only entitled to erect and operate a building for military purposes. This argument, in effect, is that the charter was granted for illegal purposes. The plaintiff in error having filed replications to this plea after the demurrer had been overruled, necessarily admitted the sufficiency of the plea, in law, to bar a recovery. (*People* v. *Gary,* 196 Ill. 310; *Hepler* v. *People,* 226 id. 275; *People* v. *Karr,* 244 id. 374.) The rule is settled in this State that where a party to an action desires to have an order of the court overruling a demurrer reviewed in a higher court he must abide by the demurrer. By pleading over the demurrer is waived. (*Heimberger* v. *Elliot Switch Co.* 245 Ill. 448;

*Town of Scott* v. *Artman,* 237 id. 394; *People* v. *Central Union Telephone Co.* 192 id. 307.) The plaintiff in error, therefore, could not thereafter question the legality of the charter of defendant in error. The demurrers to the third, fifth and sixth replications to said first plea to the original count were also properly sustained because those three replications alleged that the corporation had no legal authority to act for the purposes named in its charter. This was the very question disposed of when the demurrer to the said first plea was overruled, and, under the authorities already cited, the only way for plaintiff in error to raise that question was to abide by its demurrer to that plea. But this reasoning does not apply to the other four replications. None of these constitute a departure in pleading from the case made in the information. The plea of defendant in a proceeding of this kind must not only show that he had the right to use and enjoy the license or privilege, but that he still has such right. (*People* v. *Central Union Telephone Co.* 232 Ill. 260.) It is the duty of defendant in error, under the thirteenth section of the statute on corporations, to cause to be kept at its principal office or place of business correct books of account, and every stockholder in such corporation has the right, at all reasonable times, to examine such books of account. The first replication charged that defendant in error had not kept these books at its office or principal place of business in this State, and the second, that it had not afforded its stockholders the opportunity, at all reasonable times, to examine such records or books of account. While not every failure to comply with this statute will expose a corporation to a loss of its franchise, (*North and South Rolling Stock Co.* v. *People,* 147 Ill. 234,) the courts cannot say, as a matter of law, that any failure to comply with such a statute as is alleged in these two replications would not cause a forfeiture of the charter. The demurrers to these two replications should have been overruled.

We also think the demurrer to the fourth replication, as to leasing real estate for profit, should have been overruled and defendant in error compelled to justify on the issue raised thereby.

The charge in the seventh replication was, in substance, that defendant had leased the entire building to another person for opera house or. theatrical purposes, and that, even if it had the right to carry on an opera house under its charter, it must do so directly and not through a lessee. If the charter granted defendant in error the right to carry on an opera house, we think it was complying therewith by carrying it on through a lessee. The demurrer to this seventh replication was therefore properly sustained.

An additional count filed by leave of court alleged that the defendant in error was attempting to exercise, without warrant or authority, the following liberties, to-wit: That of owning, controlling and leasing real estate for profit and gain,—that is to say, said Walker Opera House Company, for the term aforesaid, has engaged, and is still engaged, in the business of owning and renting real estate and receiving the rents and profits thereof. To this count defendant filed three pleas. The first set up its incorporation and the granting of its license and charter as set up in the first plea to the original count, stating at length the amount of stock subscribed to the corporation and by whom, and further averring that by the authority of its charter, on July 20, 1889, it purchased "the building, fixtures and real estate located on the north-west corner of Neil and Park streets, in the city of Champaign, and said building was thereupon fitted up and operated by defendant, and still is operated, as an opera house, which was one of the lawful purposes for which defendant corporation was organized and incorporated." The plea further avers that "a small part of said building, to-wit, two small rooms fronting on Neil street, located under the balcony of said opera house, have been, from time to time, rented for profit and gain, but only

because said rooms have not heretofore been needed by defendant in its regular authorized business and merely as an incident thereto,", etc. In view of the conclusions we have reached we do not need to set out the averments of the other two pleas. Plaintiff in error filed demurrers to all three of these pleas, which were overruled. Plaintiff in error decided to stand by its pleadings, and the circuit court entered judgment dismissing the petition. To review that judgment this writ of error was sued out.

If either of the three pleas as to the additional count was a good defense, defendant in error was entitled to a judgment as to that count. (*People* v. *Bug River Drainage District*, 189 Ill. 55; *People* v. *Ricker*, 142 id. 650; *Bissell* v. *City of Kankakee*, 64 id. 249.) The first plea to this count in effect states that the only real estate which defendant in error owned was at the corner of Neil and Park streets, in the city of Champaign, and that the defendant in error used all of the said property except two small rooms, which were only rented as an incident to the legally authorized business. Under the reasoning of this court in *People* v. *Pullman Palace Car Co.* 175 Ill. 125, and *Rector* v. *Hartford Deposit Co.* 190 id. 380, this plea set out such facts as to make a complete answer to the second original count and justify the defendant in error in leasing these two rooms for rent and profit. That part of the plea which avers that defendant in error was engaged, or had the right to engage, in the opera house business may be considered as mere surplusage. (*People* v. *Ricker, supra.*) Moreover, whether the operation of the building as an opera house and its operation for military purposes are two separate businesses is a question of fact and not of law (1 Morawetz on Private Corporations,—2d ed.—sec. 362,) and cannot be determined on demurrer. The circuit court ruled correctly on the pleadings as set forth on this record. Under those pleadings the questions whether military purposes can fairly be considered to include opera house purposes, and whether,

if distinct, the corporation could engage in both kinds of business under its charter, are not before us for decision.

The judgment of the circuit court will be reversed and the cause remanded.          *Reversed and remanded.*