ASSESSORS OF WEST SPRINGFIELD *vs.* EASTERN STATES EXPOSITION.

Hampden.    May 4, 1950. — June 28, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Taxation,* Real estate tax: exemption; Agricultural society. *Constitutional Law,* Taxation. *Agriculture. Corporation,* Agricultural society.

Under G. L. (Ter. Ed.) c. 59, § 5, Fourth, the real estate of an incorporated
agricultural society is exempt from taxation even though during a substantial portion of each year, when its use directly for the agricultural
purposes of the society is not needed, it is rented for other uses to produce income to be applied to the society's purposes; so construed, § 5,
Fourth, does not violate c. 1, § 1, art. 4, or art. 10 of the Declaration
of Rights, of the Massachusetts Constitution.

APPEAL from a decision by the Appellate Tax Board.

*F. L. Raleigh,* Town Counsel, for the assessors of West
Springfield.

*J. A. Crotty,* for the taxpayer.

WILKINS, J.    This is an appeal by the board of assessors
of West Springfield from a decision of the Appellate Tax
Board abating a tax assessed for the year 1948 upon the
Coliseum Building, so called, and appurtenant land owned
by the Eastern States Exposition, an incorporated agricultural society (hereinafter called the Exposition).    That was
the first year in which a tax had been assessed upon this
building, which the Appellate Tax Board decided came
within that portion of G. L. (Ter. Ed.) c. 59, § 5, reading:
"The following property . . . shall be exempt from taxation: . . . Fourth, Real and personal estate of incorporated
agricultural societies and the portions of real estate and
buildings of incorporated horticultural societies used for
their offices, libraries and exhibitions."

The Appellate Tax Board, in accordance with a statement of agreed facts, made these findings.    In 1923 the Ex-

position was incorporated under G. L. c. 180, § 4, and acquired the real estate of another incorporated agricultural society. The Exposition's purpose is the encouragement of agriculture and horticulture. It conducts an annual fair on the real estate during the third week in September, and it engages in other agricultural activities at other times. The Coliseum Building is a permanent brick and steel structure, which, when not in use for agricultural purposes, is leased for the promotion of sporting events. Beginning in 1925 the building has been so leased for part of each year with the exception of the war years. In 1946 the Exposition leased the building to the Springfield Hockey Association for a series of seven seven-month terms for the conduct of ice hockey games. The Exposition's revenue from all sources is used for the conduct of its business, the reduction of indebtedness incurred in the acquisition of the real estate, and the construction of buildings.

The mandate of G. L. (Ter. Ed.) c. 59, § 5, Fourth, is clear that all property of incorporated agricultural societies shall be exempt from taxation no matter how used. Clause Fourth itself contains a forceful contrast as to purely horticultural societies, of which the exemption is restricted to real estate and conditioned upon specified uses. Other clauses in § 5 similarly demonstrate that where the legislative purpose has been to grant an exemption contingent upon the use of property, this condition has been express and not a subject of implication. Clauses Third, Fifth, Sixth, Tenth, Eleventh, Sixteenth, Twentieth. See *Animal Rescue League of Boston* v. *Assessors of Bourne*, 310 Mass. 330; *Assessors of Boston* v. *Lamson*, 316 Mass. 166, 172–173. In *Salem Lyceum* v. *Salem*, 154 Mass. 15, and *Boston Symphony Orchestra, Inc.* v. *Assessors of Boston*, 294 Mass. 248, relied upon by the board of assessors, the question arose under clause Third, and the taxpayer failed in proving the use prescribed by statute as essential to an exemption. See *Boston Chamber of Commerce* v. *Assessors of Boston*, 315 Mass. 712, 718. The exemption of property of incorporated agricultural societies has been in effect for nearly one hun-

dred years. St. 1851, c. 215. It has been carried forward in substantially identical form in the successive revisions of the statutes. Gen. Sts. c. 11, § 5, Ninth. Pub. Sts. c. 11, § 5, Ninth. R. L. c. 12, § 5, Fourth. St. 1909, c. 490, Part I, § 5, Fourth. The only judicial interpretation has been that this clause does not confer exemption from betterment assessments. *Worcester Agricultural Society* v. *Mayor & Aldermen of Worcester,* 116 Mass. 189.

The power to lease property to make it produce income is an incident of ownership. *Nye* v. *Storer,* 168 Mass. 53, 54. *Nantasket Beach Steamboat Co.* v. *Shea,* 182 Mass. 147, 149. The Exposition, as owner, has the right to lease the Coliseum Building, during a part of each year when it is not needed for the fair, in order to provide revenue for the purposes of the society. Such a prudent use of the building is not ultra vires. *Hollywood* v. *First Parish in Brockton,* 192 Mass. 269, 277. *Union Pacific Railway* v. *Chicago, Rock Island & Pacific Railway,* 51 Fed. 309, 321 (C. C. A. 8); affirmed 163 U. S. 564. *People* v. *Pullman's Palace Car Co.* 175 Ill. 125, 137–140. *People* v. *Walker Opera House Co.* 249 Ill. 106, 112. *Attorney General* v. *Pere Marquette Railway,* 263 Mich. 431. Thompson, Corporations (3d ed.) § 2474. Fletcher, Cyc. Corporations, § 2535. See *Brown* v. *Winnisimmet Co.* 11 Allen, 326, 334. This is not a case of property held in excess of the maximum authorized by statute, as in *Evangelical Baptist Benevolent & Missionary Society* v. *Boston,* 204 Mass. 28, 32–33. There is no violation of G. L. (Ter. Ed.) c. 180, § 9.

The principal argument is that § 5, Fourth, as thus construed and as hitherto uniformly treated by the board of assessors itself, is unconstitutional, at least in its application to the Exposition. This contention, admittedly without precedent, goes to the full extent of asserting that it is beyond the power of the Legislature to grant exemption from taxation to an incorporated agricultural society upon property which, for the greater part of the time, is not devoted directly to the pursuit of agriculture but is so only indirectly by yielding revenue from rentals. The reliance is

upon c. 1, § 1, art. 4, of the Constitution of the Commonwealth, requiring that taxes upon property must be "proportional and reasonable," and upon the more general provisions of art. 10 of the Declaration of Rights. Neither constitutional provision, however, precludes reasonable exemptions. *Assessors of Quincy* v. *Cunningham Foundation*, 305 Mass. 411, 416. See *Massachusetts General Hospital* v. *Belmont*, 233 Mass. 190, 202.

Whatever aids agriculture helps to advance the health and prosperity of the Commonwealth. The Legislature for a century has held steadfast to the view that one important means of assistance is the exemption of all property of incorporated agricultural societies. This State wide rule, reasonable in general application, is not rendered unconstitutional as applied to a particular case by the fact that a prudent use of the society's property involves leasing it for income and not permitting it to remain idle. See *Assessors of Quincy* v. *Cunningham Foundation*, 305 Mass. 411, 419. It is common knowledge that the main use of the real estate of agricultural societies is as a site for a seasonal fair. The encouragement to agriculture would be slight indeed if the tax exemption, so broadly expressed, be held to be conditional upon such property remaining idle or unprofitable at all times when not needed for direct agricultural pursuits.

An order is to be entered granting an abatement of the entire tax in accordance with the decision of the Appellate Tax Board, and the treasurer of the town of West Springfield is ordered to repay to the taxpayer the amount of the tax with interest at the rate of four per cent per annum from the date of payment, together with the costs of this appeal. *Assessors of Lancaster* v. *Perkins School*, 323 Mass. 418, 422.

*So ordered.*