*Southern District*

**JEANNETTE MEDEIROS**

**v.**

**ATLANTIC MILLS, INC.**

*Present*: Nash, C. J., Lee & Owen, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 954.

*Lee, J.* This is an action of tort by writ dated

May 8, 1964, in an action commenced in the Third District Court of Bristol in which the plaintiff alleges in her declaration to be a business customer on the premises of the defendant which conducted a store in New Bedford, Massachusetts, and that she was injured as a result of the negligence of the defendant in the maintenance of its premises whereby a fixture was caused to fall upon her.

The defendant's answer contains a general denial, contributory negligence, that at the time of the accident it was caused by a person or persons over whom the defendant had no control, and the Statute of Limitations.

The case was removed to the Bristol County Superior Court, and on October 27, 1964, remanded for trial to the Third District Court of Bristol, pursuant to G. L. c. 231, §102c.

*At the trial there was evidence tending to show that*: The plaintiff was a customer properly using an aisle in the defendant's store as a business invitee. The defendant's store is a general department store located on the first floor of a mill building in New Bedford, Massachusetts, merchandising all types of clothing, furniture, food, and household goods. As she walked down the aisle, looking at a counter to her left, another customer swung a wooden imitation window frame used to display curtains or draperies that was attached to the wall on her right in such a manner that the end of the frame struck her on the right eye and temple causing her to jerk back her neck. The frame

projected 7-¼" beyond the bottom of the counter on the right into the aisle when swung. The width of the aisle was five feet. The wall was a 42-foot wall with 25 of these swinging frames displaying curtains or draperies along the whole east wall. She was down the aisle before and was familiar with the way that these draperies or curtains were displayed.

The defendant duly filed the following requests for rulings of law on which the court made the disposition noted on each:

1. There is no evidence of negligence on behalf of the defendant. *Denied.*

2. The evidence warrants a finding for the defendant. *Denied.*

The plaintiff duly filed the following requests for rulings on which the following dispositions were made:

1. The plaintiff was an invitee on the premises of the defendant when she came upon the premises for the purpose of doing business with the defendant. *Allowed.*

2. Mere knowledge that some danger exists is not conclusive of negligence of one who fails to avoid it. *Allowed.*

3. It is not contributory negligence to fail to look for danger when there is no reason to apprehend any. *Allowed.*

4. Apart from obvious dangers, a customer as an invitee could assume that the store into which he has been invited was reasonably safe for such use. *Allowed.*

5. One is not negligent unless he takes greater risks than a man of ordinary prudence would take in a like situation. *Allowed*.

6. A store owner owes a customer the duty to use care to maintain aisle in a reasonably safe condition and was bound to anticipate conditions in the aisle reasonably foreseeable that would be likely to cause injury to a customer while using aisle for purposes for which it was provided. *Allowed*.

7. A storekeeper is liable to a customer who is injured by another customer in the handling of a free-swinging fixture which the defendant was bound to anticipate to be a condition reasonably foreseeable and likely to cause injury to a customer who is not contributorily negligent while using an aisle for the purposes for which it was provided. *Allowed*.

The court made the following finding:

"I find that: The plaintiff was a customer properly using an aisle in the defendant's store and was a business invitee. As she walked down the aisle looking at a counter to her left another customer swung a wooden imitation window frame that was attached to the wall on her right in such a manner that the end of the frame struck her on the right eye and temple causing her to jerk back her neck. The frame projected several inches beyond the counter at the right and did project into the aisle when swung. The defendant was negligent in allowing such a device to exist in its store and should have

been aware that it could cause the type of accident that it did."

There was a finding for the plaintiff in the sum of $3,500.00.

The defendant claims to be aggrieved by the denial of its requests for rulings and further aggrieved by the allowance of the plaintiff's requests for rulings and the court's finding in the case.

The issues involved in this case are whether or not the evidence as a matter of law warranted a finding of negligence on the part of the defendant and no contributory negligence on the part of the plaintiff; and whether or not the court committed prejudicial error in its rulings on the plaintiff's requests for rulings and the defendant's requests for rulings.

We start with the premise that the plaintiff was a public invitee to whom the defendant owed a duty to use reasonable care to keep in a safe condition that part of the premises to which she was invited or at least to warn her of dangers not known to her or obvious to a person of ordinary intelligence which were either known or should have been known to the defendant in the exercise of reasonable care. *Rossley v. S. K. Kresge Co.,* 339 Mass. 654, 656; *Berube v. Economy Grocery Stores Corp.,* 315 Mass. 89, 91; *White v. Mugar,* 280 Mass. 73, 75.

An examination of the evidence in this case and the trial justice's findings of fact adequately support his conclusion that the defendant was negligent in this case.

■ The existence of some 25 wooden imitation window frames which were so attached to the wall that they could be swung out into a five foot aisle a distance of 7-¼″ beyond the counter and in this case one of these frames was actually swung out into the aisle by a third party customer for the purpose of viewing it and thereby striking the plaintiff who was proceeding properly down the aisle looking at a counter to the left, certainly constitutes negligence on the part of the defendant.

■ This was a situation where the defendant had the duty to use reasonable care to maintain the aisle in a reasonably safe condition, and in performing this duty, it was bound to anticipate conditions in the aisle reasonably foreseeable that were likely to cause injury to its customers, who were not contributorily negligent while using the aisle for the purpose for which it was provided. *Parker v. Jordan Marsh Co.*, 310 Mass. 227, 229; *Lombardi v. F. W. Woolworth Co.*, 305 Mass. 417, 419.

■ It is no defence that the injuries were also caused by the subsequent negligence of a third person. *Leahy v. Standard Oil Co. of New York*, 224 Mass. 352, 362; *Dalton v. Great A & P Co.*, 241 Mass. 400.

The defendant also raises the point that the plaintiff was contributorily negligent. We find no grounds for that conclusion. The plaintiff was proceeding down an aisle where she had a right to be and looking at a counter

to her left and was not required to anticipate and be alert for a wooden imitation window frame which would swing over the aisle.

The last issue raised by the defendant is that the trial justice erred in denying the defendant's requests for rulings and allowing the plaintiff's requests for rulings. A review of the evidence in this case and the judge's finding of facts support his rulings.

There being no prejudicial error, the Report is ordered dismissed.

Joseph Lipsitt, of New Bedford, for the Plaintiff cited *Dindo v. Grand Union Company*, 331 F2 138, a supermarket failed to install dividing supports between the back-to-back display shelves, and a customer in one aisle pushed a can into the other aisle, which can struck a customer. The jury found the absence of the divider created a hazard and the defendant was found negligent because of the "manner of stacking" its merchandise.

Desmarais & Carey, of New Bedford, for the Defendant.